United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41149
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PARMENO BERNAL-FLORES, also known as Jaime Gutierrez
Penalosa,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-132-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Parmeno Bernal-Flores appeals from his guilty-plea conviction for illegal reentry following deportation. For the first time on appeal, Bernal-Flores argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Bernal-Flores concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Also for the first time on appeal, Bernal-Flores argues that the district court erred in sentencing him under a mandatory sentencing guidelines scheme. See United States v. Booker, 125 S. Ct. 738, 756 (2005). Bernal-Flores acknowledges that this argument is reviewed for plain error, but argues that he does not have to show that the district court's error affected his substantial rights because the error is structural and because prejudice should be presumed.

Plain error is the correct standard of review. See United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). The district court committed error that is plain when it sentenced Bernal-Flores under a mandatory sentencing guidelines regime. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556); United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005). Bernal-Flores fails to meet his burden of showing that the district court's error affected his substantial rights. See Valenzeuela-Quevedo, 407 F.3d at 733-34; United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005)(No. 05-5535).

AFFIRMED.